IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KYLE LEE DEEL,

                              Plaintiff,

          v.                                                    ORDER

FRANK BISIGANO,[1]                                        25-cv-5-amb

                              Defendant.

---

Plaintiff Kyle Lee Deel seeks judicial review of a final decision of defendant Frank Bisigano, Commissioner of the Social Security Administration, finding that Deel was not disabled within the meaning of the Social Security Act. Deel contends that Administrative Law Judge (ALJ) Jeffrey W. Hart erred at Step Five in determining that a significant number of jobs existed in the national economy that Deel could perform.[2] Specifically, the ALJ relied on vocational expert testimony to determine that around 5,700 jobs in the national economy constituted sufficiently significant numbers. AR 24. Deel asks for judgment in his favor or, alternatively, for a limited remand to determine an award of benefits. The Commissioner agrees that remand is warranted, but asks for full remand. For the following reasons, the court will remand this case as set forth below.

---

[1] Under Federal Rule of Civil Procedure 25(d), Frank Bisignano, who became the Commissioner of Social Security on May 6, 2025, is substituted as the defendant in this case.

[2] At Step Five of the sequential five-step disability analysis, the government bears the burden of presenting evidence establishing that the claimant possesses the residual functional capacity to perform work that exists in significant numbers in the national economy. *Weatherbee v. Astrue,* 649 F.3d 565, 569 (7th Cir. 2011). The Commissioner typically uses a vocational expert to assess whether there are a significant number of jobs in the national economy that the claimant can do. *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009).

## A.  The scope of remand

The Commissioner asks to remand the case to the agency to reconsider its finding of disability based on the job numbers identified by the vocational expert, and to "remedy a deficient evaluation of the opinion evidence," an issue Deel did not raise before this court. Dkt. 14 at 2.  By "deficient evaluation," the Commissioner means a discrepancy between the ALJ's reliance on medical testimony that Deel could occasionally maintain postures, including balancing, and the ALJ's residual functional capacity (RFC) finding that allows for frequent balancing without explanation.[3]  *See* AR 20 & 23 (frequent balancing included as a postural restriction).

Deel objects to remand on these terms, contending that the evidence entitles him to an outright award of benefits as opposed to a new hearing before an ALJ.  He further contends that the government cannot now raise on its own "a purported inconsistency between the ALJ's RFC and the opinion of Dr. Amusa, a non-examining medical expert," Dkt. 15 at 2, to justify a new hearing.

### 1.  Jobs in the national economy

An outright award of benefits is an unusual remedy and is available only in rare cases where "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits."  *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).  This is not one of those rare cases.

---

[3] The residual functional capacity finding, or RFC, is the ALJ's assessment of what a claimant can still do despite their medically determined limitations or restrictions.  *See* 20 C.F.R. § 404.1545; SSR 96-8P.

Deel's argument focuses on whether the ALJ erroneously determined that 5,700 jobs comprise sufficiently significant numbers in the national economy to find him disabled. In support, Deel relies on district court opinions from this circuit holding that fewer than 20,000 jobs is not significant. Dkt. 15 at 5. But there is no threshold for what constitutes "significant," and that term is flexible depending on whether the focus is on national or local numbers.[4] In *Weatherbee v. Astrue*, 649 F.3d 565, 572 (7th Cir. 2011), the court stated that 140,000 jobs available nationally was "well above the threshold for significance," without identifying the threshold. When the Seventh Circuit has considered the question in terms of the availability of jobs in the claimant's locality, it found that 4,000 jobs in the Milwaukee area was "significant." *Liskowitz v. Astrue,* 559 F.3d 736, 743 (7th Cir. 2009). The *Liskowitz* court further noted that "[a]s few as 174 jobs has been held to be significant," and that it was "well-established that 1,000 jobs is a significant number." *Id.*

Because "[t]he Seventh Circuit has not affirmatively established the threshold for the number of jobs in the national economy that qualifies as significant," *John C. v. Saul*, No. 19-CV-4111, 2021 WL 794780, at *5 (C.D. Ill. Mar. 2, 2021), the record in this case is not so clean-cut as to warrant an outright award of benefits. Accordingly, the court will remand for

---

[4] The regulations provide that the "national economy" includes either: (1) the "region" where the claimant lives or (2) several other "regions" of the country. 20 C.F.R. § 416.966(a). The ALJ did not consider regional versus national numbers in this case. *See* AR 24 (finding significant numbers in the national economy) & AR 47 (asking the vocational expert about "any other jobs in the U.S." that a person with Deel's limitations could perform). But "[r]egion" is undefined, resulting in a "lack of clarity" about what area the term includes. *Ellis v. Kijakazi*, 553 F. Supp. 3d 628, 631–32 (E.D. Wis. Aug. 9, 2021). Given that "[i]t does not matter whether . . . [w]ork exists in the immediate area in which [a claimant] live[s]," 20 C.F.R. § 416.966(a)(1), one district court has explained that "while available work *can* include work in the 'region where you live' (and thus presumably closer to your home), it need not." *Ellis*, 553 F. Supp. 3d at 632.

further proceedings before an ALJ on this issue, including additional testimony from a vocational expert as necessary.[5] *Cf. John C.*, 2021 WL 794780, at *6 (remanding for further testimony from the vocational expert after determining that 20,000 jobs in the national economy is insufficiently significant nationally).

### 2. The ALJ's FRC finding regarding balancing

The Commissioner seeks remand to also resolve whether Deel's RFC should permit frequent balancing or be limited to occasional balancing as the medical expert testified. Deel objects, noting that he did not raise this issue. In his estimation, this was harmless error that could not affect the legal question on appeal. And he argues the Commissioner cannot use such harmless error as a basis to remand and re-adjudicate Deel's case. In support, Deel cites to caselaw holding that discrepancies between RFC findings and medical opinion evidence are harmless when they do not affect the disability determination. Dkt. 15 at 4. The Commissioner, for his part, references regulations requiring the ALJ to explain a conflict between an RFC assessment and an opinion from a medical source. Dkt. 14 at 2.

The court will not limit the ALJ's ability to reconsider the RFC finding on remand. The parties have identified an error. Deel says it is harmless, but that is only because balancing is not a requirement for any of the three occupations the ALJ identified at Step Five. That may change on remand. Because the ALJ's Step Five jobs finding depends at least in part on Deel's RFC, the court will remand the case as set forth below.

---

[5] This is not to say that the Commissioner will be afforded multiple opportunities via remand to meet his burden at Step Five on this question. *See, e.g., Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998) (obduracy evidenced by the action of the administrative agency on remand can have consequences, including remand for an outright award of benefits).

**B. The remand order**

IT IS HEREBY ORDERED that this matter is REMANDED to the Commissioner pursuant to sentence four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g) for further proceedings on the issues identified by the parties. Specifically, on remand, the administrative law judge will offer Deel the opportunity for an administrative hearing, reevaluate as appropriate the opinions and findings on Deel's functioning under 20 C.F.R. §§ 404.1520c, 416.920c, the RFC finding, and whether there are jobs that exist in significant numbers in the national economy that he can perform, and issue a new decision.

Entered June 5, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge